UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cr-00412-AGF-3 |
| | ) | 4:02-cr-00606-AGF-2 |
| | ) | |
| | ) | |
| DAVID FOSTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant David Foston's motions for compassionate release, filed in two of his criminal cases: Case No. 4:02-cr-00606-AGF-2 ("2002 Case"), and Case No. 4:19-cr-00412-AGF-3 ("2019 Case"). Appointed counsel filed a notice of intent not to supplement Foston's motions, and the Government has filed an opposition to both motions. For the reasons set forth below, the motions will be denied.

## BACKGROUND

Foston's motions reference three of his prior criminal convictions, though as noted above, only two are directly at issue here.[1] Specifically, on October 10, 2002 defendant Foston pled guilty to possession with intent to distribute phencyclidine in Case No. 4:02-cr-00347- HEA. On January 3, 2003, Foston was sentenced to a term of 71 months' imprisonment followed by three

---

[1] Foston also filed an identical motion for compassionate release in the other criminal case, Case No. 4:02-cr-00347- HEA, but that motion was denied as Foston's sentence in that case had already expired. *See* Case No. 4:02-cr-00347- HEA, ECF No. 57 (E.D. Mo. May 21, 2026).

years of supervised release.

Then in the 2002 Case at issue here, Foston pled guilty on September 30, 2003, to conspiracy to possess with the intent to distribute heroin, cocaine, and cocaine base. He was sentenced on December 19, 2003, to 175 months' imprisonment followed by five years of supervised release. This sentence was to run concurrently to the term of imprisonment imposed in the aforementioned case, Case No. 4:02-cr-00347- HEA.

While serving his term of supervised release imposed in the 2002 Case, Foston was charged in the 2019 Case and, accordingly, with also violating his term of supervised release in the 2002 Case. As to the 2019 Case, Foston pled guilty on November 2, 2020, to conspiracy to possess with the intent to distribute cocaine. On June 7, 2021, the Court held a combined sentencing hearing on the 2019 Case and a final supervised release revocation hearing with respect to the 2002 Case.

At sentencing in his 2019 Case, Foston objected to his treatment as a career offender and to the calculation of his criminal history, arguing that his prior convictions in the 2002 Case and in Case No. 4:02-cr-00347- HEA should be treated as a single sentence. The Court held that Foston was appropriately treated as a career offender and his criminal history was appropriately calculated under the United States Sentencing Guidelines but that Foston could present his arguments with respect to his prior convictions in support of a motion for downward variance, which Foston did.

After hearing Foston's arguments, the Court granted a downward variance from the applicable Guidelines range of 151-188 months' imprisonment. The Court granted that downward variance after finding that, while Foston qualified as a career offender under the

Guidelines, he did not fit the normal profile of a career offender in all respects. The Court then sentenced Foston to 125 months' imprisonment, followed by three years of supervised release. The Court specifically noted that, even if it had sustained Foston's objections relating to his career-offender status and to his criminal history, it would have assessed the same sentence in light of his very serious criminal history, including his leadership role in a very substantial, large-scale drug conspiracy while on supervised release for his prior drug offense.

The Court then held the final supervised release revocation hearing and concluded that Foston's commission of the offenses in the 2019 Case violated the terms of his supervised release in his 2002 Case. For the violation of his supervised release terms, the Court sentenced Foston to 27 months' imprisonment, to run consecutively to the term of imprisonment imposed in the 2019 Case.

Foston appealed his sentence in the 2019 Case, contending that he did not qualify as a career offender. The Eighth Circuit affirmed the sentence, noting without deciding that even if the career offender classification was erroneous, any potential error was harmless as the Court stated that it would impose the same sentence even if Foston did not qualify as a career offender. *United States v. Foston*, No. 21-2435, 2022 WL 1510689 (8th Cir. May 13, 2022).

Foston is now 55 years old, with a projected release date of January 20, 2030. He seeks compassionate release on several grounds, most of which stem from his argument that he was improperly sentenced as a career offender. Specifically, Foston argues: a) his sentence in the 2019 Case was improperly enhanced based on a single conspiracy prosecuted as two cases; b) there was improper double counting of prior convictions under a Section 851 enhancement and the Sentencing Commission's "change in law" provision under U.S.S.G. § 1B1.13(b)(6); c) there

was disparity in Foston's supervised release revocation sentence as compared to his co-defendant; d) Foston is not a career offender under current law, e) the Eighth Circuit's prior harmless error ruling does not foreclose compassionate relief, defendant is not a career offender under current law; f) since his convictions in 2002, the relevant offense classifications have changed such that Foston would have received a reduction in his supervised release term but for his early release (and therefore would not have been on supervised release at the time of the 2019 Case), g) the sentence for violation of his supervised release status functioned solely to increase punishment, contrary to the sentencing factors, h) the Court preserved the punitive effect of the career-offender status even though Foston was not a career offender, i) extraordinary and compelling reasons exist when each of the above factors is considered in aggregate, and j) when viewed cumulatively, Foston's incarceration reflects systemic disparity caused by outdated law, Guidelines errors, and timing, rather than the seriousness of his conduct.

**DISCUSSION**

> Compassionate release under 18 U.S.C. § 3582(c)(1)(A) "permits a district court to reduce a prisoner's sentence if, after considering the factors in 18 U.S.C. § 3553(a), 'it finds that . . . extraordinary and compelling reasons warrant such a reduction' and 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 28 F.4th 929, 930 (8th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's amended policy statement identifies several personal circumstances that alone or in combination may qualify as extraordinary and compelling reasons warranting a sentence reduction. *See* U.S.S.G. §1B1.13(b). These circumstances include the defendant's (1) serious medical condition, (2) old age and serious deterioration in health, (3) family

circumstances, and (4) status as the victim of abuse while in custody committed by someone with custody over the defendant. U.S.S.G. §1B1.13(b)(1)-(4).

However, the compassion release statute is not a vehicle for attacking the validity of a conviction. *Fernandez v. United States*, 608 U.S. 411, 415 (2026). Rather, "[a] prisoner who collaterally attacks the validity of his conviction must proceed through 28 U.S.C. § 2255, not 18 U.S.C. § 3582." *Id.* And "if a prisoner moves for relief because of alleged problems with the underlying criminal investigation or trial," the Court will consider his motion as one attacking the validity of his conviction even if he "is not asking to have [the conviction] vacated or set aside." *Id.* at 428. As such, even if a motion for compassionate relief is "not in substance a 'habeas corpus application," if it is "at least similar enough that failing to subject it to the same requirements would forge a path for bypassing the postconviction statutes," it is not a cognizable motion for compassionate release. *Id.* at 430.

Almost all of Foston's arguments in support of compassionate release revolve around his belief that he was improperly classified or otherwise effectively treated as a career offender when he should not have been under what he believes is relevant caselaw. As noted above, the Eighth Circuit already rejected Foston's direct appeal on this ground. In any event, Foston's arguments are an attack on his sentence which must be pursued, if at all, through a timely and properly exhausted § 2255 motion, not a motion for compassionate release. *See, e.g.*, *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) (holding that a defendant's "challenge to the career offender determination was still a challenge to his sentence," which must be pursued through a § 2255 motion, and the challenge was not an appropriate ground for a compassionate release motion).

To the extent Foston relies on non-retroactive changes in the law of which he did not

receive the benefit, the Supreme Court has also indicated that a non-retroactive change to sentencing law—"considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Rutherford v. United States*, 608 U.S. 454, 473 (2026). Since *Rutherford* was announced, the Eighth Circuit has indicated that its reasoning extends beyond non-retroactive statutory changes to non-retroactive legal changes generally. *See, e.g.*, *United States v. Loggins*, 181 F.4th 883, 887 (8th Cir. 2026) ("[C]onsistent with the Supreme Court's binding decision in *Rutherford*, we hold that the First Step Act's nonretroactive statutory changes to § 924(c), *like other nonretroactive legal changes*, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).") (emphasis added); *United States v. Faulkner*, No. 24-2296, 2026 WL 2639531, at *4 (8th Cir. Sept. 8, 2026) (applying the rules of *Rutherford* and *Loggins* to hold that non-retroactive legal changes mandated by a Supreme Court decision "cannot constitute an 'extraordinary and compelling' reason for a sentence reduction"). Thus, even assuming without deciding that Foston is correct that he would have been entitled to the benefit of some change in the law with respect to his offense classification had he not been awarded early release, that argument is not a basis for compassionate release.

Finally, to the extent Foston cites disparities between himself and his co-defendants or defendants nationwide, the Court concludes that this argument, too, does not warrant compassionate release. As an initial matter, is not clear that co-defendant sentencing disparities is an appropriate factor to be considered under the compassionate release statute. *See, e.g.*, *United States v. Hoskins,* 735 F. Supp. 3d 1078, 1084 (S.D. Iowa 2024) (holding that sentencing disparities between co-defendants is not an extraordinary and compelling reason under § 3582(1)(A)(i));

*United States v. Vest*, 754 F.Supp.3d 829, 835 (W.D. Mo. 2024) (holding that factors warranting compassionate release should be similarly personal and individualized like health, age, and family circumstances). In any event, Foston's arguments in this respect do not convince the Court of an unwarranted sentencing disparity here, especially as Foston's prior criminal conviction was for a substantial narcotics conspiracy, and he committed the instant offenses while on supervised release. Nor does the record support Foston's contention that the sentence for violation of his term of supervised release served only a punitive function. Inasmuch as Foston committed the 2019 offense while on supervised release, the sentence served as deterrence and to protect the public.

The Court has carefully considered Foston's arguments and concludes none of the grounds on which he relies, either considered separately or in the aggregate, rise to the level of extraordinary and compelling reasons that would warrant a sentence reduction. The Court already considered many of the arguments Foston now raises at his sentencing in the 2019 Case and, rather than rejecting his arguments completely, granted him a significant downward variance such that he received the same sentence he would have received even if his objections to sentencing were sustained. The Eighth Circuit likewise considered Foston's arguments and rejected them. No matter how he repackages those arguments now, they simply do not constitute extraordinary and compelling reasons for a sentence reduction.

Finally, considering Foston's criminal history, including his leadership role in the instant large-scale drug conspiracy committed while he was on supervised release, the Court is not convinced that he no longer poses a danger to the community. Rather, considering all of the sentencing factors listed under 18 U.S.C. § 3553(a), the Court concludes that the sentence previously imposed is necessary to meet the sentencing objectives of reflecting the seriousness of

this defendant's crime and providing appropriate punishment, incapacitation, and deterrence.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se and supplemental motions for compassionate release are **DENIED.** ECF 912 in Case No. 4:02-cr-00606-AGF-2, and ECF No. 823 in Case No. 4:19-cr-00412-AGF-3.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2026.